# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| COLETON CHRISTOUS COBURN,<br><br>Plaintiff,<br><br>vs.<br><br>SGT. PASHA and PROPERTY OFFICER MARTHALER,<br><br>Defendants. | Cause No. CV 11-74-H-DWM-RKS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

## I. SYNOPSIS

Pending are Plaintiff Coleton Coburn's Motion to Proceed in Forma Pauperis C.D. 1 and proposed Complaint. C.D. 2. The Motion to Proceed in Forma Pauperis will be granted. Mr. Coburn alleges Defendants have deprived him of his personal property. These allegations have been construed as a procedural due process claim brought pursuant to the Fourteenth Amendment to the United States Constitution. Because Mr. Colburn's allegations fail to state a federal claim and the Complaint should be dismissed.

## II. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. This action presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. §

1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983.  Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 1.11(a)(2)(C).

This proceeding was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1).

### III.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Coburn submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Coburn is required to pay the statutory filing fee of $350.00.  Mr. Coburn submitted an account statement showing average monthly deposits of $100.27 over the six months immediately preceding the filing of this action.  Therefore, an initial partial filing fee of $20.05 will be assessed by this Order.  See 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits).  By separate order, the Court will direct the agency having custody of Mr. Coburn to collect the initial partial filing fee from Mr. Coburn's account and forward it to the Clerk of Court.

Thereafter, Mr. Coburn will be obligated to make monthly payments of 20% of the preceding month's income credited to Mr. Coburn's prison trust account.

The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the agency having custody of Mr. Coburn to forward payments from Mr. Coburn's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## IV. STATEMENT OF CASE

### A. Parties

Mr. Coburn is a prisoner proceeding without counsel. He is incarcerated at Montana State Prison in Deer Lodge, Montana. The named defendants are Sgt. Pasha and Property Officer Marthaler. C.D. 2, p. 4.

### B. Factual Allegations

Mr. Coburn alleges Sgt. Pasha took his television because it had been altered. Mr. Coburn admits he took the battery out of the television, explaining that it gets very hot and he was preventing his television from being damaged. He contends Sgt. Pasha stole his television and Property Officer Marthaler would not give it back to him or refund him the value of the television. C.D. 2, p. 5.

He asks that his television be returned or that he be reimbursed the $156.08 value of the television. C.D. 2, p. 6.

## V. SCREENING PER 28 U.S.C. §§ 1915(e)(2), 1915A

As Mr. Coburn is a prisoner proceeding in forma pauperis, this Court must review his Complaint under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require this Court to dismiss a complaint before it is served upon the defendants if it is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. 544. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles." Iqbal, 129 S.Ct. at 1949. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. Iqbal,

129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950.

Even after Twombly, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson, 127 S.Ct. at 2200; Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); see also Hebbe v. Pliler, 627 F.3d 338 (9th Cir. 2010)(pro se filings construed liberally when evaluating them under Iqbal).

## VI. ANALYSIS

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of

Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).  Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest.  Turner v. Safley, 482 U.S. 78, 96–97, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

Neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984). That means if a state employee loses or steals an inmate's property and the state provides a meaningful post-deprivation remedy, there is no claim under the Due Process Clause.  A state post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983.  See Hudson, 468 U.S. at 531.  Unless the state deprives the plaintiff of the opportunity to be compensated for his lost property, the plaintiff has not been denied due process and has not, therefore, been deprived of his property without due process.

The Montana Tort Claims Act, Mont. Code Ann. §§ 2-9-101, et seq., provides an adequate post-deprivation remedy.[1]  See, e.g., Mont. Code Ann. § 2-9-

---

[1] The possibility that other factors, such as a statute of limitations, may intervene between a litigant and his recovery does not alter the fact that the Montana Tort Claims Act provides all the process that is constitutionally due.

101(1) (2007):

> "Claim" means any claim against a governmental entity, for money damages only, that any person is legally entitled to recover as damages because of personal injury or property damage caused by a negligent or wrongful act or omission committed by any employee of the governmental entity while acting within the scope of employment, under circumstances where the governmental entity, if a private person, would be liable to the claimant for the damages under the laws of the state.

The "prisoner exemption" of Mont. Code Ann. § 2-9-108(2) does not apply to intentional torts; the State remains liable for them if a private person would be liable and if the intentional tort is committed within the scope of employment.[2] Id. Similarly, state employees are not immune from suit for intentional torts. To the extent the employees act outside the scope of their employment, they remain subject to liability themselves. Thus, adequate post-deprivation remedies are available.

Mr. Coburn alleges Sgt. Pasha confiscated his television because it was altered. Mr. Coburn admits he altered his television by taking out the battery. Mr.

---

[2] Mere negligence by a state official does not deprive an individual of liberty or property for purposes of procedural due process. Parratt v. Taylor, 451 U.S. 527, 535-44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

Coburn's allegations fail to state a federal constitutional claim for relief. If the taking was done pursuant to a valid prison regulation, such a regulation would be reasonably related to a legitimate penological interest. If no regulation authorized the taking, the post-deprivation remedy rule applies, and the Montana Tort Claims Act is an adequate state post-deprivation remedy. Therefore, Mr. Coburn cannot state a claim for a deprivation of property under the Due Process Clause of the United States Constitution.

## VIII. CONCLUSION

Mr. Coburn cannot state a due process claim for deprivation of property. This is not a defect which could be cured by the allegation of additional facts. Accordingly, his Complaint fails to state a claim upon which relief may be granted and this case will be recommended for dismissal.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Mr. Coburn's allegations fail to state a claim upon which relief may be granted.

## B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. Mr. Coburn's failure to state a claim is so clear

no reasonable person could suppose an appeal would have merit.  The Court should certify that any appeal of this matter would not be taken in good faith.

### C. Address Changes

At all times during the pendency of this action, Mr. Coburn SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Coburn has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based on the foregoing, the Court issues the following:

**ORDER:**

    1.  Mr. Coburn's Motion to Proceed in Forma Pauperis C.D. 1 is granted.

    2.  The Clerk shall edit the text of the docket entry for the Complaint (C.D. 2) to remove the word "LODGED" and the Complaint is deemed filed on December 14, 2011.

It is **RECOMMENDED:**

    1.  Mr. Coburn's Complaint C.D. 2 should be dismissed for failure to state a

claim upon which relief may be granted.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Coburn's Complaint fails to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Coburn may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Coburn files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to

contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objection to these Findings and Recommendations may preclude Mr. Coburn from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 14th day of February, 2012.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge