

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| COLETON CHRISTOUS COBURN, | ) | CV 11-74-H-DWM-RKS |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| SGT. PASHA and PROPERTY OFFICER MARTHALER, | ) | |
| Defendants. | ) | |

On December 14, 2011, Coleton Christous Coburn filed a complaint alleging that the defendants have deprived him of his personal property, a television set from which Coburn had removed the battery. He alleged he was told it was taken because it had been altered. (Doc. 2 at 5.)

United States Magistrate Judge Strong entered Findings and Recommendations on February 14, 2012, recommending that the complaint be

dismissed for failure to state a claim upon which relief may be granted. Judge Strong construed Coburn's allegation as a procedural due process claim brought pursuant to the Fourteenth Amendment of the United States Constitution.

Coburn filed objections (doc. 6) and is therefore entitled to *de novo* review of the specific findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). First, he argues that the claim he raises is theft. Second, he argues that removing a battery from a television does not alter the television: "Altering is destroying. Altering is taking an object from [its] original form in a way that it cannot be put back together...." (Doc. 6 at 1.)

Because the parties are familiar with the facts, they will not be restated here except as necessary to explain the Court's decision.

Coburn has not alleged a federal theft claim. As found by Judge Strong, the federal claim that can be construed from his allegations is a due process claim—Coburn has been deprived of property by agents of the state. However, these facts alone are not sufficient to establish a Fourteenth Amendment claim. Coburn must also show he was not given due process, and he cannot do so here. Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 96–97 (1987). If the intentional deprivation Coburn alleges was not sanctioned by such a regulation, the Montana Tort Claims Act, Mont.

Code Ann. §§ 2-9-101(1), 2-9-108(2) (2007), provides an adequate postdeprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 530–33 (1984). Thus, there is no constitutional violation.

Though Coburn disputes the prison's interpretation of what it means to alter property, the Court may not second-guess the details of a prison policy that is reasonably related to legitimate penological interests. *Turner*, 482 U.S. at 89; *Grummett v. Rushen*, 779 F.2d 491, 493 (9th Cir. 1985) ("The adoption and execution of polices and practices by prison administrators is to be accorded deference by the judiciary.") However, the Court notes that Coburn's definition is not the only definition of "alter." Merriam-Webster states that to "alter" something is "to make [it] different without changing [it] into something else." Merriam-Webster Online Dictionary (Merriam-Webster 2012). Removing a battery from a television may reasonably fit within this definition.

Accordingly, Coburn fails to state a claim upon which relief may be granted in this court, and dismissal of this case is warranted.

IT IS HEREBY ORDERED:

1. Judge Strong's Findings and Recommendations (doc. 4) are adopted in full.

2. Coburn's Complaint (doc. 2) is DISMISSED for failure to state a claim upon which relief may be granted.

3. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Coburn's Complaint fails to state a claim upon which relief may be granted.

5. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

Dated this 22nd day of March 2012.

_____
Donald W. Molloy, District Judge
United States District Court